IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN O. FULTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-3014-STA-egb |
| | ) | |
| SHELBY COUNTY, OFFICER HARRIS, | ) | |
| D.R.T. OFFICER PURDY, and | ) | |
| SERGEANT JONES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND**

On December 29, 2016, Plaintiff Justin O. Fulton, a pretrial detainee at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed *pro se* a Complaint under 42 U.S.C. § 1983. The Court granted Fulton leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). The Clerk will record the Defendants as Shelby County,[1] Officer First Name Unknown ("FNU") Harris, D.R.T.[2] Officer FNU Purdy, and Sergeant FNU Jones.

**BACKGROUND**

Fulton was charged on June 28, 2016, with one count of theft of property $500 to $1,000, and one count of misdemeanor possession of a controlled substance, to wit, marijuana.

---

[1] The Court construes claims against the jail as claims against Shelby County itself. The Clerk is **DIRECTED** to remove Shelby County Detention Center as a defendant and add Shelby County.

[2] The Complaint does not explain what the abbreviation "D.R.T." stands for, and the Court uses it here merely to reflect what is contained in Fulton's pleadings.

([http://cjs.shelbycountytn.gov](http://cjs.shelbycountytn.gov) Case No C1700108). On July 19, 2017, Fulton entered a guilty plea on the theft count, and the state dismissed the drug charge *nolle prosequi*. (*Id.*)

The Complaint alleges that during his pretrial detention, Officer Harris assaulted Fulton. (Compl. at 2, ECF No. 1.) On December 2, 2016, Fulton had attempted suicide while confined at the Shelby County Criminal Justice Complex. (*Id.*) When Fulton informed Officer Purdy and Sergeant Jones about his suicide attempt, they came to Fulton's cell with Officer Harris. (*Id.*) Fulton alleges that instead of going through medical protocol to prevent Fulton from causing himself further harm, Officer Harris slammed Fulton's wrist in the door flap and then twisted and bent his wrist. (*Id.*) Sergeant Jones and Officer Purdy were present during the assault but failed to intervene to protect Fulton. (*Id.*) Officer Purdy later escorted Fulton to medical where Fulton received treatment. (*Id.* at 3.)

Fulton alleges that he subsequently filed a grievance against Officer Harris over the alleged assault. (*Id.*) When Officer Harris learned about the grievance, Officer Harris approached Fulton and asked him what it would take to get Fulton to drop the grievance. (*Id.*) When Fulton told Officer Harris there was nothing he could do to persuade him to drop the grievance, Officer Harris replied that he should have broken Fulton's wrist. (*Id.*) Fulton alleges that he does not feel safe receiving food from Officer Harris though the cell door flap. (*Id.*) Fulton seeks $1 million is compensatory damages. (*Id.* at 4.)

## **SCREENING STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) pleadings standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And district courts are not required "to ferret out the strongest cause of action on behalf of pro se litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## ANALYSIS

Fulton filed his *pro se* Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). The Court considers each of Fulton's claims in turn.

**I. Claims Against Shelby County**

The Court first considers Fulton's claim against Shelby County. When a § 1983 claim is made against a municipality or other local government, the Court must analyze two distinct issues: (1) whether a plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the local government is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court construes Fulton's Complaint to allege that jail officials employed by Shelby County used excessive force, or acquiesced in the use of force, against Fulton. A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or

custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

The Court holds that Fulton has failed to allege the existence of any county policy or custom. Civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). Still, in order "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). At the very least, a complaint must satisfy Rule 8(a)'s notice pleading requirements and give a municipality notice of the plaintiff's theory of liability. *Robertson v. Lucas*, 753 F.3d 606, 623 (6th Cir. 2014); *Balcar v. Jefferson Cnty. Dist. Ct.*, No. 17-5402, 2017 WL 4535934, at *2 (6th Cir. Sept. 8, 2017). Fulton's Complaint fails to identify an official policy or custom which caused his alleged injury. Instead, it appears Fulton is suing Shelby County because he was confined in a county institution, and Shelby County employed persons who allegedly violated his rights. These allegations fail to state a claim for municipal liability against Shelby County. Therefore, Fulton's claim against Shelby County is **DISMISSED**.

**II. Claims Against Defendants for Excessive Force**

Turning now to the individuals named in the Complaint, Fulton alleges that Officer Harris used excessive force and injured Fulton's wrist. Fulton further alleges that Officer Purdy

and Sergeant Jones stood by and did not intervene, as Officer Harris assaulted Fulton. Excessive force claims brought by pre-trial detainees are analyzed under the Fourteenth Amendment's standard of objective reasonableness. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015). "[O]bjective reasonableness turns on the facts and circumstances of each particular case. *Id.* at 2473 (citing *Graham v.* Connor, 490 U.S. 386, 396 (1989)). A court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Kinglsey*, 135 S. Ct. at 2473; *see also Graham* at 396-97 ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.").

The "reasonableness" inquiry is an objective one: "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

The Complaint fails to allege enough facts to show that Officer Harris's use of force was excessive. Fulton has not alleged any facts to describe what Fulton was doing before the officers arrived, why his wrist was in the flap hole, and perhaps most importantly why Officer Harris

6

applied force to Fulton's wrist.  Fulton has alleged that he had attempted to take his own life and that the officers had learned about Fulton's suicide attempt.  Otherwise, there are no facts in the Complaint to show why Officer Harris used force against Fulton.  For these reasons, the Court holds that Fulton has failed to state a claim against the Defendant officers.  Therefore, Fulton's excessive force claims are **DISMISSED**.

### III. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).  In this case, the Court holds that Fulton cannot cure the defects in his claim against Shelby County.  As a result, an amended pleading against Shelby County would be futile.  However, the Court finds cause to permit Fulton to amend his excessive force claims against the Defendant officers in order to plead additional facts about Officer Harris's alleged use of force and what role, if any, Sergeant Jones and Officer Purdy played in the event.

### **CONCLUSION**

The Court **DISMISSES** Fulton's Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, leave to amend is **GRANTED** but only as to Fulton's excessive force claims against Officer Harris, Sergeant Jones, and Officer Purdy.  Any amendment must be filed within thirty (30) days of the date of entry of this order.  Fulton is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from

the facts alleged in the original complaint or the first amended complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Fulton fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Fulton is reminded that he must promptly notify the Clerk, in writing, of any change of address, transfer to another facility, release from custody, or extended absence.

**IT IS SO ORDERED.**

                **s/ S. Thomas Anderson**
                S. THOMAS ANDERSON
                CHIEF UNITED STATES DISTRICT JUDGE

                Date: November 27, 2018.