UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN O. FULTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-3014-JDT-cgc |
| | ) | |
| SHELBY COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 29, 2016, Plaintiff Justin O. Fulton, who is presently incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.)

On November 27, 2018, the Court dismissed Fulton's complaint for failure to state a claim and granted leave to file an amended complaint within 30 days. (ECF No. 12.) The order notified Fulton that if he "fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment." (*Id.* at 8.) However, Fulton did not file an amended complaint within the time

specified or seek an extension of time in which to do so. Therefore, judgment will be entered in accordance with the November 27, 2018, order dismissing the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Fulton in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Fulton would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Fulton nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Fulton is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma*

*pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Fulton, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE